HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID C. STEPHENSON and MICHAEL J. SHANAHAN,<br><br>　　　　　Defendants. | Case No.  CR05-5158 RBL<br><br>ORDER DENYING MOTION FOR RECUSAL |

In his "Petition/Application to Move the Court for an Independent Judge . . ." [Dkt. #57], Defendant Stephenson seeks this Court's recusal and reassignment of the case to a Court which is free to operate outside the limitations imposed by the Rules of Professional Conduct, Canons of Judicial Conduct and other rules imposed by the Washington State Bar Association or the Judicial Conference of the United States.

Recusal of the district court is appropriate where a reasonable person "would conclude that the judge's impartiality might reasonably be questioned." *United States v. Studely*, 783 F.2d 934, 939 (9th Cir. 1986).  A party seeking recusal must file a timely motion accompanied by an affidavit that states facts establishing the Court's personal prejudice.  28 U.S.C. § 144.  In order to be legally sufficient, the moving party ordinarily must allege that the court's impartiality stems from an extrajudicial source. *Toth v. Trans World Airlines, Inc.,* 862 F.2d 1381, 1388 (9th Cir. 1988).  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or

1  antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 554-56
2  (1994).
3       Upon receiving a recusal motion, a district court judge need not immediately recuse himself.
4  *United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999).  Rather, assuming the facts alleged to be true,
5  the court may rule on the legal sufficiency of the motion.  *Id*.  The district court must reassign the motion
6  to another judge for a decision on the merits only if the court first finds that the motion is legally sufficient.
7  *Id.; Toth,* 862 F.2d 1381, 1388.  "[S]ince this inquiry is addressed to the facial sufficiency of the affidavit -
8  not the truth or falsity of the facts stated therein, . . . [a] 'hearing' is unnecessary," *United States v.*
9  *Azhocar*, 581 F.2d 735, 738 (9th Cir. 1978).
10      In the present case, apparently believing that the Washington State Bar Association is associated
11 with or controlled by the government, Stephenson requests that the case be reassigned to a judge who is
12 not a member of that organization.  Because he does not otherwise allege impartiality, let alone an
13 "extrajudicial source" of impartiality, his claim is legally insufficient.  *Studely*, 783 F.2d 934, 939; *Toth*,
14 862 F.2d 1381, 1388; *Liteky*, 510 U.S. 540, 554-56.
15      For the foregoing reasons, Defendant Stephenson's Petition/Application to Move the Court for an
16 Independent Judge [Dkt. #57] is **DENIED.**
17      Dated this 18th day of October, 2005.

                                /s/ Ronald B. Leighton
                                RONALD B. LEIGHTON
                                UNITED STATES DISTRICT JUDGE