HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>DAVID C. STEPHENSON and MICHAEL J. SHANAHAN,<br><br>　　　　　Defendants. | Case No.  CR05-5158 RBL<br><br><br>ORDER |

　　　In a 191-page Motion to Dismiss the Indictment [Dkt. #38] the defendant argues: (a) that the Court lacks personal jurisdiction over the defendant because he has not entered into any contracts with the insolvent United States government; (b) that the Court lacks subject matter jurisdiction because the title of this Court does not precisely match the wording in 18 U.S.C. § 3231; and (c) the Court lacks venue because the government of the Virgin Islands sought and received the underlying Indictment for acts it alleges Stephenson committed in the Virgin Islands and because, in any event, the Indictment fails to allege that the offenses occurred on federally-owned land.  The defendant also raises procedural and substantive defenses to argue that the Indictment should be dismissed.  The defendant follows up this motion with companion motions [Dkts. #42 and #68] which neither expand upon nor further enlighten the Court on the subject.  The various arguments made by the defendant are specious and his Motions to Dismiss the Indictment [Dkts. #38, #42 and #68] are **DENIED.**

　　　1.　　Personal Jurisdiction

　　　Defendant Stephenson argues that the United States is and has been insolvent since 1933 when its

currency was no longer backed by gold.  Stephenson argues that because the federal government is insolvent, the U.S. possesses only the authority of a corporation.  He then reasons that the corporation lacks jurisdiction over him unless he has entered into a contract with the government corporation.  Since he has not entered into a contract with the federal government, he claims the Court lacks personal jurisdiction over him.  "Personal presence of a defendant before a district court gives that court jurisdiction over him regardless of how his presence was secured."  *United States v. Zamiello*, 432 F.2d 72, 73 (9th Cir. 1990).[1]

### 2. Subject Matter Jurisdiction

Stephenson claims that pursuant to 18 U.S.C. § 3231, subject matter jurisdiction is possessed by the "district courts of the United States" and not by "United States District Courts."  Stephenson argues that because this Court is entitled the "United States District Court for the Western District of Washington" and not the "district court of the United States for the Western District of Washington" the Court lacks subject matter jurisdiction.  In reality, the district courts of the United States shall have original jurisdiction, exclusive of the states, of all offenses against the laws of the United States.  18 U.S.C. § 3231.  The Internal Revenue Code defines offenses against the laws of the United States.  See *United States v. Przybyla*, 737 F.2d 828, 829 (9th Cir. 1984).  A federal grand jury returned an indictment charging Stephenson with offenses against the laws of the United States and the United States District Court for the Western District of Washington is a district court of the United States.  Subject matter jurisdiction is present.

### 3. Venue

Stephenson argues that Congress possesses limited authority to pass laws affecting the District of Columbia, property owned by the United States within a state and property within a territory or commonwealth of the United States.  Stephenson claims that because his conduct did not occur on land owned by the United States government, this Court lacks venue.

In the Indictment issued against defendant Stephenson and his co-defendant, a conspiracy is alleged.  A conspiracy may be prosecuted in any district in which the offense began, continued, or was completed.  18 U.S.C. § 3237.  Venue in a failure to file income tax return case is found in any judicial

---

[1] The Court would be remiss if it failed to note that Mr. Stephenson has invoked the jurisdiction of this Court no less than 29 times.

ORDER
Page - 2

district in which the taxpayer is required to file. *United States v. Rice,* 659 F.2d 524 (5th Cir. 1981). A taxpayer is required to file a tax return in the internal revenue district where the taxpayer resides or has his principal place of business; or at the Service Center serving the internal revenue district where the taxpayer resides. 26 U.S.C. § 6091(b). The Indictment alleges that the conspiracy charged in Count 1 was carried out in the Western District of Washington, among other places, and that Stephenson resided in Western Washington. This Court provides a proper venue for the adjudication of this case.

    4.    <u>Statute of Limitations</u>

The Internal Revenue Code provides a six-year statute of limitations for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether or not by conspiracy or other means. 26 U.S.C. § 6531(1). See *United States v. Aracir*, 968 F.2d 1512, 1517 (2d Cir. 1992). Stephenson seeks to exclude evidence of overt acts occurring before February 25, 1999. The government points out that where a continuing offense is charged, the statute of limitations does not bar the introduction of evidence of acts that occurred outside the limitations period. See *United States v. Baker*, 10 F.3d 1374 (9th Cir. 1993). Because the Court believes this issue is premature, the Court denies the defendants' motion without prejudice, on this discreet question only.

    5.    <u>Denial of Preliminary Examination</u>

Stephenson claims that the government wrongly initiated charges by indictment rather than by complaint. He argues that he was therefore denied a preliminary hearing pursuant to Federal Rule of Criminal Procedure 5.1.

Federal Rule of Criminal Procedure 9(a) allows the government to seek an arrest warrant for a defendant named in either an indictment or in a criminal complaint. A preliminary examination occurs only where the arrest was pursuant to a criminal complaint. *United States v. DeRosa*, 670 F.2d 889, 897 n.8 (9th Cir. 1982); Fed. R. Crim. P. 5.1(a)(2). Here, Stephenson was arrested following the return of an indictment. A preliminary examination was therefore not required.

    6.    <u>Denial of Opportunity to Challenge Grand Jury</u>

Stephen argues that he was not allowed to challenge the makeup of the grand jury before it indicted him. Federal Rule of Criminal Procedure 6(b)(1) provides: "a defendant may challenge the grand jury on the ground it was not lawfully drawn, summoned, or selected, and may challenge an individual grand juror

on the ground that the juror is not legally qualified." The Rule does not, however, provide the defendant with an opportunity to challenge the grand jury prior to indictment. Rather, a defendant may challenge the grand jury composition after his arrest and prior to trial. *United States v. Madeoy*, 912 F.2d 1486, 1489-90.

### 7. Violation of Internal Government Policies

Stephenson claims that the United States Attorney's Manual fails to provide authority for the United States Attorney's Office to prosecute tax offenses and, therefore, the U.S. Attorney's Office lacks such authority. Stephenson also alleges that the IRS failed to file a Form 9131 prior to initiating its investigation of him, as required by the Internal Revenue Manual. The government denies these contentions. In any event, internal government policies do not provide criminal defendants with procedural rights. See *United States v. Lehman*, 468 F.2d 93, 104 (7th Cir. 1972). Stephenson's assertions, even if true, do not give rise to the relief he seeks.

### 8. Defenses on the Merits

In his Motion to Dismiss the Indictment, Stephenson also raises a number of defenses on the merits; to wit: U.S. currency has no value therefore defendant earned no income; the Fifth Amendment prevents defendant from being compelled to file a tax return; defendant revoked his citizenship and therefore is not a "taxable person," and others. None of Stephenson's defenses on the merits, even if valid, speak to the Motion to Dismiss the Indictment. They will not be addressed at this time.

For the foregoing reasons, the Motions to Dismiss the Indictment [Dkts. #38, #42 and #68] are **DENIED**.

Dated this 18th day of October, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE