HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>DAVID CARROLL STEPHENSON,<br><br>    Defendant. | Case No.  CR05-5158RBL<br><br>ORDER DENYING DEFENDANT'S SECOND MOTION FOR RECUSAL AND MOTION TO DISMISS COUNTS 1-4 AND 6. |

   This matter is before the court on the Defendant David Stephenson's second Motion to Disqualify the trial judge. [Dkt. # 80], and his Motion to Dismiss Counts 1, 2, 3, 4, and 6 of the indictment herein [Dkt. # 82]

   The former is primarily a regurgitation of the arguments made by Mr. Stephenson in his prior Motion to Disqualify [Dkt. # 57].  The Court rejected those arguments for the reasons articulated in its Order Denying the prior Motion [Dkt. # 77].  The only new argument in the current Motion is Mr. Stephenson's claim the IRS has a say in the bonus provided to this court.  This allegation is flatly wrong, and his motion based on this speculative, wholly unsupported allegation is legally insufficient.  Mr. Stephenson's Second Motion to Disqualify is DENIED.

   The Motion to Dismiss is based on his claim that on five of the six counts against him, the indictment fails to correctly cite the statute Mr. Stephenson is charged with violating.  With respect to Count 1, 18 U.S.C. §371 makes it a crime to conspire to defraud the United States.  The conspiracy can

1  support an indictment even if that indictment does not charge a conspiracy to violate another enumerated
2  statute.  Stephenson's Motion to Dismiss Count 1 is DENIED.

3       Counts 2, 3, and 4 charge Mr. Stephenson with failing to file tax returns.  He argues that they are
4  insufficient for citing only 18 U.S.C. §7203, and not §6012, the statute that requires a return to be filed.
5  The indictment alleges that Defendant was (1) required to file; (2) failed to timely file; and (3) the failure
6  was wilful. However, it has been established that an indictment setting out these three elements of a
7  violation is sufficient without specifically citing §6012.  *See United States v. Vroman*, 975 F.2d 669, 671
8  (9th Cir. 1992).  The indictment is therefore sufficient on these Counts, and Mr. Stephenson's Motion to
9  Dismiss them is DENIED.

10       Finally, Mr. Stephenson argues that Count 6, the contempt charge, is insufficient because it relies
11  on 18 U.S.C. §401, and not §402.  But a violation of §401 will support an indictment.  *See Steinert v.*
12  *United States District Court*, 543 F.2d 69 99th Cir. 1976).  Mr. Stephenson's Motion to Dismiss Count 6
13  is therefore DENIED.

15       Dated this 28th day of November, 2005.

17  RONALD B. LEIGHTON
    UNITED STATES DISTRICT JUDGE

ORDER     2