HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID CARROLL STEPHENSON,<br><br>Defendant. | Case No. CR05-5158 RBL<br><br>ORDER |

THIS MATTER comes on before the above-entitled Court upon Defendant's Motion for Release Pending Appeal [Dkt. #325].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

David Carroll Stephenson was convicted by a jury of one count of conspiracy to defraud the IRS, and three counts of failure to file tax returns. [Dkt. #'s 227, 233] Upon his conviction he was remanded to custody. [Dkt. #227] Stephenson filed a motion for release pending sentencing. [Dkt. #236] The Court denied the motion ruling that Stephenson had failed to meet his burden under 18 U.S.C. §3143(a) to show that he was "not likely to flee or pose a danger to the safety of any other person or the community" if released [Dkt. #241], and denied the motion again upon reconsideration. [Dkt. #259] Stephenson was sentenced to 96 months in custody, ordered to pay $8,560,199 in restitution, and placed on three years of supervised release. [Dkt. #264] He was again remanded to custody. [*Id.*]

1  Stephenson filed a Notice of Appeal [Dkt. #265], and filed a Motion to Stay Execution of Judgment
2  and requested bail pending appeal. [Dkt. #279]  The court denied his motion and found that Stephenson had
3  not raised a substantial question of law or fact likely to result in a reversal, new trial, or reduced time in
4  custody as required under 18 U.S.C. §3143(b).  In denying Stephenson's motion, the Court specifically ruled
5  that Stephenson "continues to make the same frivolous arguments regarding jurisdiction that this Court and
6  all other courts who have considered the issue have summarily rejected." [Dkt. #284]  Stephenson then moved
7  the Ninth Circuit Court of Appeals for bail pending appeal, initially acting pro se and more recently with the
8  aid of appointed counsel.  Because the motion filed in the Ninth Circuit by appointed counsel raised issues and
9  arguments this Court had not had the opportunity to address, the Ninth Circuit denied the motion without
10 prejudice and with leave to re-file it in this Court.  [Dkt. #326]  The motion is now before this Court.

11  Title 18 U.S.C. §3143(b) provides in pertinent part:

> (b) Release or detention pending appeal by the defendant.–(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in–
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

21 The statute operates in the conjunctive.  In order to be released pending appeal the defendant must show "by
22 clear and convincing evidence" that he "is not likely to flee or pose a danger to the safety of any other person
23 or the community" and that his appeal "raises a substantial question of law or fact" which is likely to result in
24 reversal, a new trial, or no or reduced time in custody.

25  Stephenson argues that this Court has implicitly found that he is not a flight risk or a danger because
26 the Court did not address those issues in its previous Order denying him bail pending appeal.  [Dkt. #284]
27 Stephenson's argument ignores this Court's previous Order under §3143(a) which ruled that he had not met
28 his burden to show that he was not a flight risk or a danger. [See Dkt. #241]  In his motion now before the

1  Court, Stephenson merely argues that he is not a flight risk or a danger because his convictions were for
2  nonviolent crimes.

3  Stephenson has failed to meet his burden to show by clear and convincing evidence that he is not a
4  flight risk or a danger to the community. His total disdain for the court system is shown throughout his
5  pleadings. He consistently argued that this Court had no jurisdiction to try him or to sentence him. [See e.g.,
6  Dkt. #279, p. 4, para. H. "The jurisdiction of the court to impose a sentence has been continuously challenged
7  by Moving Party throughout the proceedings in this matter."] Because he does not believe this Court has the
8  power to sentence him, there is no reason for the Court to believe that Stephenson will not flee in order to
9  avoid serving a sentence that he feels was illegally imposed upon him. Stephenson also has a prior conviction
10 for intimidating two Washington State Superior Court judges which resulted in a 36-month sentence.
11 Stephenson's prior criminal history demonstrates that he is a danger to the community.

12 Because the Court has found that Stephenson has failed to meet his burden that he is not a flight risk
13 or a danger to the community under §3143(b)(1)(A), the Court need not address whether or not he has raised
14 a substantial question under §(b)(1)(B).

15 Stephenson's Motion for Bail Pending Appeal [Dkt. #325] is **DENIED.**

16 **IT IS SO ORDERED.**

17 The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing
18 pro se.

19 Dated this 6th day of June, 2007.

*Ronald B. Leighton*
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE